CARTER BROS. & CO. v. CALVIN LILES.

[Abstract Kentucky Law Reporter, Vol. 5—690.]

**Homestead Rights.**

> The owner of a homestead may sell it and with the proceeds purchase another homestead in good faith, and land including the dwelling-house not exceeding $1,000 in value is exempt from coercive sale.

APPEAL FROM WARREN CIRCUIT COURT.

February 5, 1884.

OPINION BY JUDGE LEWIS:

Before either the debt he owed individually or the one he owed jointly with his son, W. F. Liles, to appellants was created appellee owned and occupied as a bona-fide housekeeper with a family the land purchased by him from White. That land he sold and conveyed September 14, 1878, to Rector for the consideration of $925, of which $400 was paid in cash, $60 was a debt he owed the vendee, $100 was a note assigned to him, and for the residue three notes were executed to him.

In his answer and deposition appellee states that the sale was made by him with the purpose of investing the proceeds in another homestead. December 27, 1878, he purchased the land in controversy for the consideration of $700, of which he paid $400, being part of the proceeds of the other tract, and gave his notes for the balance. About January 1, 1880, he removed with his family to the land and has occupied it ever since. But subsequently the administrator of the vendor, Owens, obtained judgment against him for the balance of the purchase-price and for a sale of the land to satisfy it. It was afterwards sold and purchased by Hobson, but according to an arrangement made before the sale, between them, Hobson was repaid the amount bid by him at the judicial sale and relinquished his claim to the land. Of the amount so repaid to Hobson $100, as appellee states, was part of the proceeds of the land sold to Rector, and for the balance, $281.60, he executed his note to Hobson, which his son, W. F. Liles, subsequently paid off for him, the consideration of which payment,

as they both state, being an agreement by appellee to keep his children, whose mother had recently died. Afterwards under execution upon judgment in favor of appellants for the notes before referred to the land was levied on, and June 27, 1881, sold and purchased by them at the price of $300, and a deed therefor was made by the sheriff. September 27, 1881, appellants brought this action against appellee for the recovery of the land.

It has been held by this court that the owner of a homestead may sell it and with the proceeds purchase another homestead. This right is not inconsistent with the spirit of the homestead law, and if exercised in good faith can not prejudice creditors. For as by the terms of the law, land, including the dwelling-house, not exceeding $1,000 in value is exempt from coercive sale, an exchange by the debtor of one homestead for another, or what is practically the same thing, the sale of one and the purchase of another with the proceeds, can not affect the rights of the creditors. In this case $500 of the proceeds of the land sold to Rector was invested in the land in controversy, since occupied in good faith as appellee's homestead. It is true a part of the purchase-price was paid by W. F. Liles, and it also appears that appellee instead of applying enough of the proceeds of the sale to Rector for the payment of the amount he agreed to give Owens for the land in controversy gave or transferred a portion thereof to another son.

But this action is merely for the recovery of the land claimed by appellants in virtue of the sheriff's deed. It therefore makes no difference whether appellee paid the entire purchase-price out of the proceeds of the previous sale or not; he did so pay $500 and the residue was paid under a contract with W. F. Liles, not alleged to be fraudulent. The land was therefore not subject to sale under appellant's execution and the action for the recovery of it can not be maintained.

The judgment is *affirmed*.

*B. F. Proctor, E. W. Hines, for appellants.*

*James C. Sims, for appellee.*